# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

JOHN BUSALACHI
1530 Eggert Road
Amherst, New York 14226,

          Plaintiff,

- vs -

WALMART INC.
28 Liberty Street
New York, New York 10005

WALMART INC. F/K/A
WAL-MART STORES, INC.
28 Liberty Street
New York, New York 10005

WAL-MART ASSOCIATES, INC.
28 Liberty Street
New York, New York 10005

WAL-MART STORES EAST, LP
28 Liberty Street
New York, New York 10005

WAL-MART REAL ESTATE BUSINESS TRUST
2001 SE 10th Street
Bentonville, Arkansas 72712-6489

WAL-MART STORES EAST, INC.
28 Liberty Street
New York, New York 10005

WAL-MART REALTY COMPANY
28 Liberty Street
New York, New York 10005

          Defendants.

**SUMMONS**

**IMMEDIATELY TURN THESE PAPERS OVER TO YOUR INSURANCE REPRESENTATIVE. YOUR FAILURE TO DO THIS MAY SUBJECT YOU TO PERSONAL FINANCIAL RESPONSIBILITY IN THIS MATTER.**

Index No.: _____
Date Filed: _____

**TO THE ABOVE NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to Answer the Complaint in this action, and to serve a copy of your Answer, or, if the Summons is not served with a Complaint, to serve a Notice of Appearance, on the Plaintiff's attorneys within 20 days after the service of this Summons, exclusive of the day of service, or within 30 days after completion of service where service is made in any other manner than by personal delivery within the State. In case of your failure to appear or Answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

    **COMPLAINT ENDORSEMENT:** That Plaintiff's Complaint against you is in the amount of: see **WHEREFORE** clauses of Plaintiff's Complaint, together with the costs of this action based on a cause of action for negligence and others.

Erie County is designated as the place of trial on basis of residence of the Plaintiff who resides in West Seneca, New York.

DATED: February 22, 2021
Buffalo, New York

Joseph A. Todoro, Esq.
SPADAFORA & VERRASTRO, LLP
Attorneys for Plaintiff
2 Symphony Circle
Buffalo, New York 14201-1340
(716) 854-1111

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

JOHN BUSALACHI,

                        Plaintiff,

- vs -

WALMART INC.,
WALMART INC. F/K/A WAL-MART STORES, INC.,
WAL-MART ASSOCIATES, INC.,
WAL-MART STORES EAST, LP,
WAL-MART REAL ESTATE BUSINESS TRUST,
WAL-MART STORES EAST, INC., and
WAL-MART REALTY COMPANY.

                        Defendants

**COMPLAINT**

Index No. _____

    The Plaintiff, above-named, for his Complaint against the Defendants, by and through his attorneys, SPADAFORA & VERRASTRO LLP, herein states upon information and belief, as follows:

    1.    That each and every cause of action set forth herein falls within one or more of the exceptions set forth in CPLR 1602. That this action and all claims set forth herein fall within one or more of the exceptions set forth in Article 16 of the CPLR and/or as set forth in CPLR §1602 and/or the aforesaid provisions of said Article do not apply to the within action. That this action and all claims set forth herein falls within one or more exceptions set forth in CPLR §1602; §1602(7); §1602(11) and §1601, as to limitations to the doctrine of joint and several liability.

    2.    That at all times mentioned, the Plaintiff, JOHN BUSALACHI, hereinafter referred to as "Plaintiff", was and continues to be a resident of the County of Erie and State of New York.

    3.    That at all times hereinafter mentioned, upon information and belief, the Defendant, WALMART INC., is a successor in interest of Defendant, WAL-MART STORES, INC.

4. That at all times mentioned, and/or for a considerable period of time prior thereto, the above listed Defendants, WALMART INC., WALMART INC. F/K/A WAL-MART STORES, INC., WAL-MART ASSOCIATES, INC., WAL-MART STORES EAST, LP, WAL-MART REAL ESTATE BUSINESS TRUST, WAL-MART STORES EAST, INC., and WAL-MART REALTY COMPANY, hereinafter collectively referred to as "WAL-MART", was/were doing business as and/or under an assumed name, trade and style as WALMART, with an office for the transaction of its business located at 3290 Sheridan Drive, Town of Amherst, County of Erie and State of New York.

5. That at all times mentioned, and/or for a considerable period of time prior thereto, the Defendants, WAL-MART, jointly and/or severally, were and/or continue to be at the present, domestic corporations duly organized and existing pursuant to the Laws of the State of New York, and/or foreign corporations duly authorized to conduct business within the State of New York, with an office for the transaction of its business located at 3290 Sheridan Drive, Town of Amherst, County of Erie and State of New York, and/or in the alternative were and/or continue to be at the present, a domestic limited liability company duly organized and existing pursuant to the Laws of the State of New York, and/or a foreign limited liability company duly authorized to conduct business within the State of New York, with an office for the transaction of its business located at 3290 Sheridan Drive, Town of Amherst, County of Erie and State of New York.

6. That at all times mentioned, and/or for a considerable period of time prior thereto, the Defendants, WAL-MART, jointly and/or severally, were and/or continue to be at the present, domestic corporations and/or a domestic limited liability company duly organized and existing pursuant to the Laws of the State of New York, and/or foreign corporations and/or a domestic limited liability company, duly authorized to conduct business within the State of New York, with an office for the transaction of its business located at various locations in the County of Erie and/or in other counties located in the State of New York.

7. That at all times mentioned, and/or for a considerable period of time prior thereto, the Defendants, WAL-MART, jointly and/or severally, were and/or continue to be at the present, foreign corporations not authorized to conduct business within the State of New York, but having an office for the transaction of its business located at various locations in the County of Erie and/or in other counties located in the State of New York.

8. Upon information and belief, presently, at all times mentioned, and/or for a considerable period of time prior thereto, the Defendants above named, by or through its respective agents, representatives, officers, employees and/or servants, transacts business within the State of New York, or owns, uses or possesses real property in the State of New York, or contracts anywhere to supply goods or services in the State of New York, or committed a tortuous act within the State of New York, or committed a tortuous act without the State of New York, causing injury to person or property within the State of New York and regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenues from goods used or consumed or services rendered, in the State of New York, or expects or should reasonably expect the act to have consequences in the State of New York and derives substantial revenue from interstate or international commerce, and does engage in a permanent course of conduct of owning, managing, maintaining, leasing, renting, servicing various real properties, including parking lot areas, as part of their business to members of the general public within the State of New York, and/or to various other states within the United States, and each said Defendant, derives substantial revenues from goods and services rendered, sold, and/or distributed in the State of New York.

9. That on or about February 22, 2018 and for a considerable period of time prior thereto, the above named Defendants, jointly and/or severally, did own, operate, rent, control, possess, maintain, manage, lease property, lease retail space, inspect, repair and/or service the property or portions of same, located at 3290 Sheridan Drive, Amherst, New York 14226, said property consisting of, and without limitation thereto, a retail type building, and/or areas adjacent thereto, hereinafter collectively referred to as the "PREMISES".

10. That on or about February 22, 2018 and for a considerable period of time prior thereto, the above named Defendants, jointly and/or severally, were operating retail businesses under the trade name or style of WALMART at the "PREMISES.

11. That on or about February 22, 2018, the above named Defendants, jointly and/or severally, were in possession and control of all or a portion of said PREMISES located at 3290 Sheridan Drive, Amherst, New York 14226, as owners and/or under a lease or other agreement, and did operate businesses in and on said premises wherein they did offer for sale and/or did sell various types of merchandise to members of the general public and the Plaintiff, JOHN BUSALACHI, in particular, under the trade name or style of WALMART, at the "PREMISES.

12. That on or about February 22, 2018 and for a considerable period of time prior thereto, the above-named Defendants, jointly and/or severally, did owe to the members of the general public and the Plaintiff, JOHN BUSALACHI, in particular, a non-delegable duty to maintain said the designated elevated WAL-MART checkout counter and cashier aisles, which at all times hereinafter mentioned include the designated turnstile bagging areas, located on said PREMISES in a safe condition, free from defects, hazards or dangerous/unsafe conditions.

13. That on or about February 22, 2018 and for a considerable period of time prior thereto, the above named Defendants, jointly and/or severally, did also have a non-delegable duty to warn the public in general, and the Plaintiff, JOHN BUSALACHI, in particular, of any defective, hazardous and/or dangerous/unsafe conditions as the same did exist on said designated elevated WAL-MART checkout counter and cashier aisles, which at all times hereinafter mentioned include the designated turnstile bagging areas, located at said PREMISES, of which it knew, or through the exercise of due diligence should have known.

14. That prior to and/or on or about February 22, 2018 the said Plaintiff, was legally and lawfully on the WAL-MART PREMISES of the above-named Defendants, jointly and/or severally.

15. That on or about February 22, 2018, and prior thereto, the above named Defendants, jointly and/or severally, by and through its agents, servants and/or employees did invite the general public, and this Plaintiff in particular to enter in and on said WAL-MART PREMISES located at 3290 Sheridan Drive, Amherst, New York 14226, for the purpose among others of buying goods and merchandise offered for sale, and to use the designated cashier's lanes for the purposes of checking out and/or paying for goods purchased therein.

16. That on or about February 22, 2018, the said Plaintiff, entered in and on the aforesaid PREMISES located at 3290 Sheridan Drive, Amherst, New York 14226, for the purpose of buying goods and merchandise offered for sale within said PREMISES by one or more of the above named Defendants, and was in a designated cashier aisle for the sole purpose of checking out the intended items he was to be purchasing, and Plaintiff had at all times properly and safely placed said items Plaintiff intended to purchase, which included a container of liquid cleaning solution, onto the WAL-MART designated elevated checkout counter at the designated cashier aisle where the cashier was located.

17. That on or about February 22, 2018, the said Plaintiff, entered in and on the aforesaid PREMISES located at 3290 Sheridan Drive, Amherst, New York 14226, for the purpose of buying goods and merchandise offered for sale within said PREMISES by one or more of the above named Defendants, and was waiting at the WAL-MART elevated checkout counter area for said items intended to be purchased to be handled, moved, scanned and the bagged by the WAL-MART employee cashier when the cashier caused, without warning to Plaintiff, a container of liquid cleaning solution, to be knocked off, pushed off, and/or to fall off and from the elevated designated WAL-MART checkout counter to the ground below.

18. That said WAL-MART designated employee cashier was an adult male, the true name and identity of said cashier is presently unknown to Plaintiff.

19. That the WAL-MART employee cashier was hired by and/or employed by said Defendants, jointly and/or severally, and was at all pertinent times acting as their agent, servant and/or employee.

20. That on or about February 22, 2018, the WAL-MART employee cashier was assigned a designated cashier aisle and designated elevated checkout counter to perform his assigned work duties and responsibilities, which included without out limitation as to the customer items intended to be purchased, to safely, properly and /or appropriately move, handle, scan and bag said items after the same have been placed onto the elevated designated checkout counter moving belt surface, by said Plaintiff.

21. That on or about February 22, 2018, the WAL-MART employee cashier was hired by and/or employed by said Defendants, jointly and/or severally, and was at all pertinent times acting within the scope and duties of his employment as a WAL-MART designated cashier.

22. That on or about February 22, 2018, said WAL-MART employee cashier was at all pertinent times wholly and solely responsible for the movement of, scanning of, removal of and/or bagging of all items to be purchased, once they have been placed onto the elevated designated checkout counter.

23. That prior to and on or about February 22, 2018, it was at all times reasonably foreseeable that if an item to be purchased, such as a container of liquid cleaning solution, was to be knocked off, pushed off, and/or to fall off and from the elevated designated WAL-MART checkout counter to the ground below, that said item of merchandise would be further caused to break open spilling out its contents into the designated cashier aisles that said Defendants direct their customers in general and Plaintiff in particular to stand and wait, while said items to be purchased are moved, scanned, removed of and/or bagged by said WAL-MART designated cashiers.

24. That on or about February 22, 2018, the container of liquid cleaning solution, which was caused to be knocked off, pushed off, and/or to fall off and from the elevated designated WAL-MART checkout counter to the ground below, broke open and as a direct result thereof irritant and/or caustic-like liquid contents thereof, splashed, soaked and/or leaked onto the Plaintiff's clothes and person, causing Plaintiff to suffer and sustain permanent, severe and diverse injuries to his person.

25. That on or about February 22, 2018, the container of liquid cleaning solution, which was caused to be knocked off, pushed off, and/or to fall off and from the elevated designated WAL-MART checkout counter to the ground below, broke open and as a direct result thereof a hard plastic piece/portion of said container struck Plaintiff in to and about his eye area, causing Plaintiff to suffer and sustain permanent, severe and diverse injuries to his person.

26. That on or about February 22, 2018, the acts and omissions of their designated cashier, who was at all pertinent times an agent, servant and/or employee, of the above-named Defendants, jointly and/or severally, were negligent, careless and/or reckless, causing said container of liquid cleaning solution to be knocked off, pushed off, and/or to fall off and from the elevated designated WAL-MART checkout counter to the ground below which then caused the container of liquid cleaning solution, to break open and/or apart, causing injury and damage to Plaintiff, without any fault or negligence of the Plaintiff contributing thereto.

27. That prior to and/or as of, on or about February 22, 2018, the above named Defendants, jointly and/or severally, by and through its agents, servants and/or employees, including without limitation thereto said designated cashiers, were obligated to maintain, control, inspect, repair, service and/or supervise the elevated designated WAL-MART checkout counters and cahier aisles and/or, at all times were responsible to keep said elevated designated WAL-MART checkout counters and cahier aisles in a safe condition for its normal and intended use, free of defect, dangerous and/or unsafe conditions.

28. That prior to and/or as of, on or about February 22, 2018, the above named Defendants, jointly and/or severally, by and through its agents, servants and/or employees, including without limitation thereto said designated cashiers, were obligated to maintain, control, handle, move and/or scan and/or bag items to be purchased on said PREMISES and/or, at all times were responsible to keep said PREMISES in a safe condition for its normal and intended use, free of defect, dangerous and/or unsafe conditions which would include, without limitation thereto, a proper safe said elevated designated WAL-MART checkout counters and cahier aisles, turnstile or bagging area, while Plaintiff was legally and lawfully attempting to checkout and pay for the items Plaintiff intended to purchase

29. That prior to and/or as of, on or about February 22, 2018, the above-named Defendants, jointly and/or severally, by and through its agents, servants and/or employees, were obligated to train, hire, screen and/or supervise their employees to ensure that the items to be purchased on said PREMISES would be properly, safely and/or securely, handled, moved, scanned, bagged and then placed onto the turnstile and/or into the consumer's shopping cart in general, and into Plaintiff's shopping cart specifically.

30. That the container of liquid cleaning solution, to be purchased by the Plaintiff was negligently, carelessly and/or recklessly, handled, moved and /or touched by the designated cashier of above named Defendants, jointly and/or severally, causing the container of liquid cleaning solution to be moved off, pushed off or and/or to fall from and/or off the elevated designated WAL-MART checkout counter and moving belt, causing the same to be precipitated to the ground floor below, breaking open further causing said container of liquid cleaning solution and a broken hard plastic piece of said container to come into contact with Plaintiff's person as a direct result of the negligent, careless and/or reckless acts and/or omissions of the above named Defendants, jointly and/or severally, by and through said designated cashier agent, servant and/or employee, causing Plaintiff to suffer and sustain injuries to his person while he was legally and lawfully in, and on said PREMISES.

31. That the above named Defendants, jointly and/or severally, by and through its agents, servants and/or employees, breached their non- delegable duties by negligently maintaining, controlling, inspecting, repairing, supervising and/or servicing said PREMISES, as so set forth above, and further by negligently failing to warn the public in general, and this Plaintiff in particular, of the defective, hazardous and/or dangerous/unsafe conditions on said premises, of which said Defendants, jointly and/or severally, had actual and/or constructive notice.

32. That for a considerable period of time before Plaintiff was injured, the above named Defendants, jointly and/or severally, by and through its agents, servants and/or employees, were at all times aware of the foreseeable conditions which would result when a liquid filled container item of merchandise was caused to be pushed off, knocked off and or fall off of and from the designated elevated checkout counter, and at all times failed to take the reasonable and/or necessary steps to correct, cure and/or remedy the defective, hazardous and/or dangerous/unsafe conditions at said cashier aisles.

33. That for a considerable period of time before Plaintiff was injured, the above named Defendants, jointly and/or severally, by and through its agents, servants and/or employees, were at all times aware of the foreseeable conditions which would result when a liquid filled container item of merchandise was caused to be pushed off, knocked off and or fall off of and from the designated elevated checkout counter to the hard ground surface below, including the breakage of said container and the spillage of said contents, and at all times failed to take the reasonable and/or necessary steps to correct, cure and/or remedy the defective, hazardous and/or dangerous/unsafe conditions at said at said cashier aisles.

34. That the injuries to the Plaintiff, were caused without any fault or want of care on the part of said Plaintiff, but further by reason of the negligence, carelessness and/or reckless disregard for the safety of others by the above named Defendants, jointly and/or severally, by and/or through the acts and/or omissions of their respective officers, agents, servants and/or employees, in general and said designated cashier in particular, in that with actual and/or constructive notice and knowledge of the defective, hazardous and/or dangerous/unsafe conditions of said premises as so set above, they negligently, carelessly and/or with reckless disregard for the safety of others, and without limitation thereto:

    a) In failing to provide for members of the general public, a proper and safe means of paying, purchasing and/or bagging the items purchased located on the said PREMISES, more commonly known as referred to as WALMART; and

    b) In failing to properly screen, hire, train and/or supervise it's employees, officers and/or servants.

35. As a result of the foregoing and as a wholly and solely as a proximate result of the negligence, carelessness and/or reckless disregard of Defendants, jointly and/or severally, by and/or through the acts and/or omissions of their respective officers, agents, servants and/or employees, in general and said designated cashier in particular, Plaintiff, has suffered severe and permanent injuries including, but not limited to injuries of the integumentary and musculoskeletal system and nervous system, legs, feet, skin and eye, requiring medical care, treatment and with pain and suffering associated with said injuries, and remaining through present date, together with shock and injury to the nerves and nervous system, causing this Plaintiff to incur loss of ability and/or time from activities of daily living, employment and/or to further incur medical care related expenses.

36. As a result of the foregoing incident, which occurred on or about February 22, 2018, and the injuries sustained by the Plaintiff, he has been rendered sick, sore, lame and disabled; Plaintiff was required to seek medical care and attention; was confined to bed and home, was prevented from attending his usual activities and has permanent residuals and pain and suffering resulting therefrom and has incurred and/or may continue to incur health care related expenses and other economic damages and /or losses into the future.

37. Plaintiff is not seeking reimbursement for plan expenses otherwise covered by insurance, which would be precluded by and/or subject to the provisions of New York GOL 5-335, or any other applicable provisions of New York State Law and/or Federal Law, Rule or Regulation. Plaintiff's claim does not seek recovery in connection with any potential subrogation rights of any plans, individuals, corporations, insurance carriers or other entities, which would be precluded by and/or subject to the provisions of New York GOL 5-335, or any other applicable provisions of New York State Law and/or Federal Law, Rule or Regulation.

38. As a result of the negligence, carelessness and/or reckless acts and/or omissions of the Defendants, by and/or through the acts and/or omissions of their respective officers, agents, servants and/or employees, in general and said designated cashier in particular, as set forth above, the Plaintiff was caused to suffer injury and damages in an amount which exceeds the jurisdictional limits of all lower courts.

**WHEREFORE**, the Plaintiff, JOHN BUSALACHI, demands Judgment on his cause of action against the Defendants, WALMART INC., WALMART INC. F/K/A WAL-MART STORES, INC., WAL-MART ASSOCIATES, INC., WAL-MART STORES EAST, LP, WAL-MART REAL ESTATE BUSINESS TRUST, WAL-MART STORES EAST, INC., and WAL-MART REALTY COMPANY, jointly and/or severally, in an amount which exceeds the jurisdictional limits of all courts lower than the Supreme Court.

**WHEREFORE**, the Plaintiff, JOHN BUSALACHI, demands Judgment on his cause of action against the Defendants, WALMART INC., WALMART INC. F/K/A WAL-MART STORES, INC., WAL-MART ASSOCIATES, INC., WAL-MART STORES EAST, LP, WAL-MART REAL ESTATE BUSINESS TRUST, WAL-MART STORES EAST, INC., and WAL-MART REALTY COMPANY, jointly and/or severally, in an amount which exceeds the jurisdictional limits of all courts lower than the Supreme Court, jointly and/or severally, for any and all damages allowed by statute and caselaw, and for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of said action.

DATED: February 22, 2021
Buffalo, New York.

Joseph A. Todoro, Esq.
SPADAFORA & VERRASTRO
Attorneys for Plaintiff
2 Symphony Circle
Buffalo, New York 14201-1340
(716) 854-1111